

FILED

AUG 1 4 2019

Clerk, U.S. District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-54-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LOUIE BEARCHILD, | |
| Defendant. | |

## I. Synopsis

Defendant Louie Bearchild (Bearchild) has been accused of violating the conditions of his supervised release. Bearchild admitted the alleged violation. Bearchild's supervised release should be revoked. Bearchild should be placed in custody for 3 months, with 27 months of supervised release to follow. Bearchild should serve the first 60 days of supervised release at an inpatient substance abuse treatment facility.

## II. Status

Bearchild pleaded guilty to Assault Resulting in Serious Bodily Injury on December 20, 2012. (Doc. 65). The Court sentenced Bearchild to 63 months of custody, followed by 3 years of supervised release. (Doc. 38). Bearchild's current

term of supervised release began on August 16, 2018.  (Doc. 74 at 2).

### Petition

The United States Probation Office filed a Petition on August 6, 2019,
requesting that the Court revoke Bearchild's supervised release.  (Doc. 74).  The
Petition alleged that Bearchild had violated the conditions of his supervised
release by consuming alcohol.

### Initial appearance

Bearchild appeared before the undersigned for his initial appearance on
August 13, 2019.  Bearchild was represented by counsel.  Bearchild stated that he
had read the petition and that he understood the allegations.  Bearchild waived his
right to a preliminary hearing.  The parties consented to proceed with the
revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on August 13, 2019.  Bearchild
admitted that he had violated the conditions of his supervised release by
consuming alcohol.  The violation is serious and warrants revocation of
Bearchild's supervised release.

Bearchild's violation is a Grade C violation.  Bearchild's criminal history
category is IV.  Bearchild's underlying offense is a Class C felony.  Bearchild

2

could be incarcerated for up to 24 months. Bearchild could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III. Analysis

Bearchild's supervised release should be revoked. Bearchild should be incarcerated for 3 months, with 27 months of supervised release to follow. Bearchild should serve the first 60 days of supervised release at an inpatient substance abuse treatment facility. This sentence is sufficient but not greater than necessary.                              **IV. Conclusion**

The Court informed Bearchild that the above sentence would be recommended to Judge Morris. The Court also informed Bearchild of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bear Child that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bearchild stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

3

The Court **FINDS:**

That Louie Bearchild violated the conditions of his supervised release by consuming alcohol.

The Court **RECOMMENDS:**

That the District Court revoke Bearchild's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 3 months, with 27 months of supervised release to follow. Bearchild should serve the first 60 days of supervised release at an inpatient substance abuse treatment facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

4

district court judge.

      DATED this 14th day of August, 2019.


                         John Johnston
                       United States Magistrate Judge