IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 12-54-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LOUIE BEARCHILD, | |
| Defendant. | |

## I. Synopsis

Defendant Louie Bearchild (Bearchild) has been accused of violating the conditions of his supervised release. Bearchild admitted all of the alleged violations. Bearchild's supervised release should be revoked. Bearchild should be placed in custody for 12 months, with no supervised release to follow.

## II. Status

Bearchild pleaded guilty to Assault Resulting in Serious Bodily Injury on December 20, 2012. (Doc. 65). The Court sentenced Bearchild to 63 months of custody, followed by 3 years of supervised release. (Doc. 38). Bearchild's current term of supervised release began on July 2, 2020. (Doc. 101 at 3).

**Petition**

The United States Probation Office filed a Petition on June 8, 2021, requesting that the Court revoke Bearchild's supervised release. (Doc. 101). The Petition alleged that Bearchild had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to notify his probation officer of a change in residence; and 3) by failing to report for substance abuse treatment.

**Initial appearance**

Bearchild appeared before the undersigned for his initial appearance on July 21, 2021. Bearchild was represented by counsel. Bearchild stated that he had read the petition and that he understood the allegations. Bearchild waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 21, 2021. Bearchild admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to notify his probation officer of a change in residence; and 3) by failing to report for substance abuse treatment. The violations are serious and warrant revocation of Bearchild's supervised

release.

Bearchild's violations are Grade C violations. Bearchild's criminal history category is IV. Bearchild's underlying offense is a Class C felony. Bearchild could be incarcerated for up to 24 months. Bearchild could be ordered to remain on supervised release for up to 21 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Bearchild's supervised release should be revoked. Bearchild should be incarcerated for 12 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Bearchild that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Bearchild of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bear Child that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Louie Bearchild violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to notify his probation officer of a change in residence; and 3) by failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

That the District Court revoke Bearchild's supervised release and commit Bearchild to the custody of the United States Bureau of Prisons for 12 months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 22nd day of July, 2021.

John Johnston
United States Magistrate Judge